945 So.2d 399 (2006)
James C. PEARSON, Sr. a/k/a James Clarence Pearson, a/k/a "Johnny", Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CA-00752-COA.
Court of Appeals of Mississippi.
July 18, 2006.
Rehearing Denied January 2, 2007.
Robert Lofton Gray, Flowood, David Randall Wade, Jackson, attorneys for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before LEE, P.J., SOUTHWICK and ISHEE, JJ.
LEE, P.J., for the court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On August 27, 2001, James C. Pearson, Sr., pled guilty in the Clarke County Circuit Court to one count of sexual battery. The trial court entered orders of nolle prosequi regarding two other counts of sexual battery and one count of possession of marijuana. Pearson was sentenced to thirty years, with twenty years suspended, ten years to serve in the custody of the Mississippi Department of Corrections, and five years' post-release supervision.
*400 ¶ 2. On July 24, 2004, Pearson filed a motion for post-conviction relief and a motion to expand the record. Pearson claimed that his guilty plea was entered into involuntarily. Pearson also argued that he should be examined by a physician to determine whether his guilty plea was knowingly and intelligently entered. In a thorough order, the trial court denied Pearson's motion for post-conviction relief as well as the motion to expand the record.
¶ 3. Pearson now appeals to this Court asserting the following issues: (1) the trial court erred in denying his motion for post-conviction relief; (2) the trial court erred in denying his motion to expand the record as he has a right of access to a physician to obtain evidence in support of his motion for post-conviction relief; and (3) he is entitled to an evidentiary hearing.

STANDARD OF REVIEW
¶ 4. The standard of review for a denial of a post-conviction motion is well-stated. The findings of the trial court must be clearly erroneous in order to overturn a lower court's denial of a post-conviction relief motion. McClinton v. State, 799 So.2d 123, 126(¶ 4) (Miss.Ct.App.2001).

DISCUSSION
I. DID THE TRIAL COURT ERR IN DENYING PEARSON'S MOTION FOR POST-CONVICTION RELIEF?
¶ 5. In his first issue, Pearson argues that the trial court erred in denying his motion for post-conviction relief. Specifically, Pearson claims that the trial court erred in finding evidence in the record that contradicted his allegations in his motion. Pearson contends that his post-traumatic stress disorder and the medication he was taking for this condition impaired his ability to voluntarily enter a guilty plea.
¶ 6. A plea is considered "voluntary and intelligent" if the defendant knows the elements of the charge against him, understands the charge's relation to him, what effect the plea will have, and what sentence the plea may bring. Alexander v. State, 605 So.2d 1170, 1172 (Miss. 1992). Furthermore, solemn declarations in court carry a strong presumption of verity. Gable v. State, 748 So.2d 703, 706(¶ 11) (Miss.1999).
¶ 7. During the plea colloquy the trial court asked Pearson the following:[1]
BY THE COURT: All right. At the time that these offenses took place, were you under the influence of drugs, alcohol, beer, wine, whiskey, pills or any other type of intoxicants?
BY DEFENDANT PEARSON: Yes, sir.
BY THE COURT: What were you under the influence of?
BY DEFENDANT PEARSON: Well, I had been drinking.
BY THE COURT: Alcohol.
BY DEFENDANT PEARSON: Yes, sir. Marijuana and I got prescription medicine, prescribed medicine.
* * * *
BY THE COURT: Are either of you under the influence of anything right now?
BY DEFENDANT PEARSON: No, sir.
* * * *
BY THE COURT: Do you claim to have ever suffered from any mental disease or disorder? Mr. Pearson, you have been to the VA hospital for post-traumatic stress disorder; is that correct?

*401 BY DEFENDANT PEARSON: Yes, sir.
BY THE COURT: And that's what you take prescribed medication for?
BY DEFENDANT PEARSON: Yes, sir.
¶ 8. In his opinion denying Pearson's motion for post-conviction relief, the trial judge found that, although Pearson was taking medication for post-traumatic stress syndrome, at no time did Pearson indicate that this medication altered his ability to understand the consequences of pleading guilty. The trial judge noted that during the entire plea colloquy he did not suspect that Pearson was incompetent, but, to the contrary, found Pearson to be lucid. The trial judge further stated that Pearson included a list of medications that he had been prescribed at the time of the plea hearing; however, Pearson did not include an affidavit from his doctor or any other medical evidence to support his claim that either a mental defect or drugs affected the voluntariness of his plea. We can find no error in the trial judge's decision to deny Pearson's motion; thus, this issue is without merit.
II. DID THE TRIAL COURT ERR IN DENYING PEARSON'S MOTION TO EXPAND THE RECORD?
¶ 9. In his second issue on appeal, Pearson argues that he has a right of access to a physician in order to obtain evidence to support his motion for post-conviction relief. However, in his brief, Pearson cites to no law in support of his argument. The only cases Pearson cites relate to a criminal indigent defendant's right of access to a competent physician if issues raised before or during trial involve the defendant's mental status. That is not the case here. Furthermore, Pearson acknowledges that the right he claims was violated is not clearly established in Mississippi jurisprudence; thus, this Court should clearly establish that right. We are disinclined to do so in this case; thus, we find this issue to be without merit.
III. IS PEARSON ENTITLED TO AN EVIDENTIARY HEARING?
¶ 10. In his final issue on appeal, Pearson contends that he is entitled to an evidentiary hearing in order to prove that his guilty plea was involuntary. However, Pearson has no evidence to support this contention, merely stating that allowing him access to a physician may show that his guilty plea was involuntary. Unsupported allegations in the pleadings are insufficient to require an evidentiary hearing. McCuiston v. State, 758 So.2d 1082, 1085(¶ 9) (Miss.Ct.App.2000). This issue is without merit.
¶ 11. THE JUDGMENT OF THE CLARKE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.
NOTES
[1] Pearson's guilty plea hearing was conducted simultaneously with another defendant. We are not including the other defendant's responses to the questions.