IRVING, J.,
 

 for the Court:
 

 ¶ 1. This appeal arises from Charles Frank Holloway Jr.’s guilty plea and conviction for the sale of crack cocaine. After his conviction, Holloway filed a motion for post-conviction relief (PCR), which the Co-
 
 *657
 
 piah County Circuit Court summarily denied. Feeling aggrieved, Holloway appeals and asserts (1) that there was no factual basis for an enhancement provision in the indictment against him, (2) that the enhancement provision in the indictment was invalid, and (3) that he has been subjected to an ex post facto law that has lengthened the amount of time that he will have to serve.
 

 ¶ 2. Finding no reversible error, we affirm the judgment of the circuit court.
 

 FACTS
 

 ¶ 3. On March 4, 2008, Holloway pleaded guilty to the crime of selling crack cocaine. On June 4, 2009, Holloway filed a petition seeking habeas corpus relief, which the circuit court treated as a PCR motion. On June 10, 2009, the circuit court denied the motion, and stated the following:
 

 [Holloway] requests an evidentiary hearing ... and asks this [c]ourt to enter an order “to expunge and void the proceedings as to the enhancement illegality in sentence heretofore stated for failure to recognize and comply with procedural due process.”
 

 The [e]ourt being fully advised and aware that on the date of March 4, 2008, [Holloway] pled guilty. [Holloway] at the time of said plea, was fully apprised of the nature of the charges against him and all the facts and circumstances surrounding said charges, and having been placed under oath, did voluntarily and intelligently enter a plea of guilty to [the] Sale of Crack Cocaine Within 1[,]500 [feet] of a School Property.... Additionally, [Holloway], in said Cause, was sentenced on the date of March 4, 2008, to serve a term of Eight (8) Years in the custody of the Mississippi Department of Corrections and to successfully complete the Mississippi Department of Corrections’ Alcohol and Drug Treatment Program.
 

 This [c]ourt now finds that it plainly appears from the face of the motion, and the prior proceedings in said Cause, that [Holloway] is not entitled to any collateral relief, and as such there is no need for an evidentiary hearing of this matter, and [Holloway]’s Petition for Writ of Habeas Corpus, taken by this [e]ourt as a Motion for Post[-]Conviction Relief, lacks merit and should be denied.
 

 Holloway appeals from this denial of his motion for post-conviction relief.
 

 ¶ 4. Additional facts, if necessary, will be related during our analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 5. The standard of review in cases involving the denial of a PCR motion is well settled: “When reviewing a lower court’s decision to deny a petition for post[-]convietion relief[, an appellate court] will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised[,] the applicable standard of review is de novo.”
 
 Moore v. State,
 
 986 So.2d 928, 932 (¶ 13) (Miss.2008) (quoting
 
 Callins v. State,
 
 975 So.2d 219, 222 (¶ 8) (Miss.2008)).
 

 1. Validity of Enhancement Provision
 

 ¶ 6. We find no distinction between Holloway’s first and second contentions of error; therefore, we address them as one issue. We find no merit to this issue. The record before us contains no evidence that Holloway was convicted of selling cocaine within 1,500 feet of a school. The record is void of Holloway’s plea petition, his time sheet, and the original sentencing order. However, the record contains the transcript of Holloway’s guilty plea hearing.
 
 *658
 
 At no time during the hearing was any enhancement provision ever mentioned; the only statements made were that Holloway was pleading guilty to the sale of crack cocaine. Furthermore, his eight-year sentence is well within the unen-hanced thirty-year maximum punishment for the sale of cocaine. Although the circuit court referenced an alleged enhancement provision in its order denying Holloway’s PCR motion, there is no indication in the record before us that there was any such provision applied to Holloway’s conviction. We “will not consider matters which do not appear in the record.... ”
 
 Rochell v. State,
 
 748 So.2d 103, 113 (¶ 37) (Miss.1999) (quoting
 
 Rushing v. State,
 
 711 So.2d 450, 454 (¶ 11) (Miss.1998)).
 

 ¶ 7. This contention of error is without merit.
 

 2. Ex Post Facto Law
 

 ¶ 8. In this contention of error, Holloway contends that he was illegally subjected to a 2008 law that requires certain prisoners to serve only 25% of a sentence before being considered for release on parole. Prior to the passage of Senate Bill 2136 in 2008,
 
 [1]
 
 prisoners such as Holloway were required to serve 85% of their sentences before being considered for parole.
 

 ¶ 9. There is no merit to Holloway’s contention. The senate bill in question had no retroactive effect, as it only applied to future sentences and computations of time. Furthermore, even if the bill were applied retroactively, its application could only benefit Holloway, rendering any complaint on his part moot.
 

 ¶ 10. This contention of error is without merit.
 

 ¶11. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . The bill is codified at Mississippi Code An-notaled section 47-7-3 (Supp.2009).