LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On May 5, 2008, Jimmy Collier pleaded guilty in the Oktibbeha County Circuit Court to murder. He was sentenced to life imprisonment without the possibility of parole. On May 4, 2011, Collier filed a motion for post-conviction relief asserting he would not have pleaded *1090 guilty if he had realized he was ineligible for parole. Finding it had no duty to inform Collier of his parole eligibility, the trial court dismissed Collier’s motion.
¶ 2. Collier subsequently filed a motion for reconsideration and asked the trial court to consider an affidavit he had written. In the affidavit, Collier stated he was told that his attorney and the prosecutor had reached an agreement where he would be sentenced to life with the possibility of parole if he pleaded guilty. However, he was told that because of his prior criminal history, a jury conviction would result in a life sentence with no eligibility for parole. In the last sentence of the affidavit, Collier requested a hearing. This motion for reconsideration was also dismissed.
¶ 3. Collier appeals asserting he was entitled to an evidentiary hearing on whether his guilty plea was entered into knowingly and voluntarily.
STANDARD OF REVIEW
¶ 4. When reviewing a trial court’s dismissal of a motion for post-conviction relief, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Doss v. State, 19 So.3d 690, 694 (¶ 5) (Miss.2009) (citations omitted).
DISCUSSION
¶ 5. In his only issue on appeal, Collier argues the trial court erred in not granting an evidentiary hearing to determine whether his guilty plea was entered into knowingly and voluntarily. Collier asserts that he would have chosen to proceed to trial had he known his life sentence did not carry the possibility of parole.
¶ 6. In his brief on appeal, Collier states he learned he was ineligible for parole after serving two years in prison. Collier does not explain how he learned this or why he waited until his third year of incarceration to bring this to the trial court’s attention. The first time Collier requested an evidentiary hearing on this matter was in the affidavit submitted with his motion for reconsideration. The document, entitled “Affidavit of Jimmy Collier,” is signed by Collier but not notarized or dated. A witness signed the affidavit and wrote the date of June 17, 2011. Since Collier pleaded guilty on May 5, 2008, the motion for reconsideration and the affidavit were submitted after the three-year statute of limitations for filing a motion for post-conviction relief had passed. See Miss.Code Ann. § 99-39-5 (Supp.2012).
¶ 7. Despite the fact that Collier’s arguments were first raised outside the three-year statute of limitations, Collier’s self-serving affidavit did not meet the requirements of the post-conviction-relief statute. Mississippi Code Annotated section 99 — 39—9(1)(e) (Supp.2012) “requires that an application for post-conviction collateral relief be supported by the affidavits of witnesses who will prove the petitioner’s claims.” Brown v. State, 88 So.3d 726, 733 (¶ 18) (Miss.2012). Collier fails to provide supporting affidavits other than his own to prove his plea bargain was for a sentence of life with parole. In addition, section 99-39-9(1)(e) also requires Collier to state “how or by whom said facts will be proven.” Because Collier’s affidavit was insufficient to support his claim, we find Collier’s argument is limited to what is stated in his motion for post-conviction relief— that he was unaware of his ineligibility for parole.
¶ 8. The issue of lack of knowledge of parole ineligibility was addressed in Stewart v. State, 845 So.2d 744, 747 (¶ 11) (Miss.Ct.App.2003). In Stewart, the Mississippi Supreme Court held that being unaware of ineligibility for parole “is not *1091 synonymous with ill or erroneous advice.” Id. There is no requirement that a trial judge inform a defendant of parole eligibility. Id. The reason for this is “that [eligibility for parole is not a ‘consequence’ of a plea of guilty, but a matter of legislative grace. It is equally true that noneligibility for parole is not a ‘consequence’ of a plea of guilty; rather, it is a consequence of the withholding of legislative grace.” Ware v. State, 379 So.2d 904, 907 (Miss.1980). The transcript of the sentencing hearing reveals no discussion of Collier’s eligibility or ineligibility for parole.
¶ 9. Although not discussed by the parties, Collier was not eligible for parole due to the violent nature of his crime. See Miss.Code Ann. § 47-7-3(1)(h) (Rev.2011). Section 47-7-3(l)(h) states:
No person shall be eligible for parole who is convicted or whose suspended sentence is revoked after June 30, 1995, except that an offender convicted of only nonviolent crimes after June 30, 1995, may be eligible for parole if the offender meets the requirements in subsection (1) and this paragraph.
The trial court stated repeatedly at the sentencing hearing that “the only sentence that can be imposed is life imprisonment.”
¶ 10. Collier argues his case is analogous to Washington v. State, 620 So.2d 966, 967 (Miss.1993), where the defendant was granted an evidentiary hearing after he was misinformed regarding his parole eligibility. However, Washington is distinguishable. In Washington, the trial court stated the defendant was eligible for parole when, in fact, he was not. Id. at 969. Here, there was no mention of parole during Collier’s sentencing hearing. Even in Collier’s motion for post-conviction relief, he states his plea bargain was for a sentence of “life.” Again, there was no mention of a promise of parole. Since no evidence has been presented that Collier was misinformed during his sentencing hearing, we can find no error on the trial court’s part.
 ¶ 11. Collier does not specifically allege ineffective assistance of counsel, but the last sentence of his appellate brief states: “Collier was influenced to enter a plea of guilty after receiving erroneous advice of counsel.... ” First, we note Collier has the same counsel on appeal as he did at trial. The motion for post-conviction relief asserts no fault on the part of Collier’s attorney; rather, it states: “The parties believed that [Collier] would be entitled to, at least, the possibility of parole.” Collier’s affidavit states his sentence was discussed, and his attorney and the prosecutor agreed Collier would be eligible for parole. Regardless, we would find any claim of ineffective assistance of counsel without merit without a supporting affidavit other than one from Collier. “In cases involving post-conviction collateral relief, ‘where a party offers only his affidavit, then his ineffective assistance [of counsel] claim is without merit.’ ” Cherry v. State, 24 So.3d 1048, 1051 (¶6) (Miss.Ct.App.2010) (quoting Vielee v. State, 653 So.2d 920, 922 (Miss.1995)). It is unclear why, if it is Collier’s attorney’s position that there was a misunderstanding, an affidavit other than Collier’s could not have been submitted stating as such.
¶ 12. Although Collier may have received incorrect information- regarding his sentence, the record before this Court is insufficient to grant relief. The arguments raised on appeal are without merit.
¶ 13. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*1092 IRVING AND GRIFFIS, P JJ., BARNES, ISHEE, CARLTON AND JAMES, JJ., CONCUR. MAXWELL AND FAIR, JJ., CONCUR IN PART AND IN THE RESULT. ROBERTS, J„ CONCURS IN RESULT ONLY.