CARLTON, J.,
for the Court:
¶ 1. On April 1, 2009, John Patrick Jackson pled guilty to the crime of possession of a controlled substance with intent to distribute pursuant to Mississippi Code Annotated section 41-29-139(a) (Rev.2013), with the charge being enhanced pursuant to Mississippi Code Annotated section 41-29-152 (Rev.2013) for possession of a firearm. The Forrest' County • Circuit Court sentenced him to serve forty-five years in the custody of the Mississippi Department of Corrections (MDOC), to run concurrently with the sentence in a separate charge, with twenty-three years to serve and twenty-two suspended, and with five years of post-release supervision. Jackson filed a motion for post-conviction relief (PCR), alleging that his guilty plea was involuntarily entered, and that he had received ineffective assistance of counsel. The record reflects that the trial court summarily dismissed Jackson’s PCR motion without an evidentiary hearing, despite the affidavits submitted by Jackson and his wife attesting that Jackson’s counsel gave erroneous advice.
¶ 2. Finding error, we reverse and remand this case for an evidentiary hearing.
FACTS
¶ 3. On March 9, 2012, Jackson filed a PCR motion in the trial court claiming that his guilty plea was entered involuntarily. Specifically, Jackson alleged that his counsel gave him erroneous information assuring him that if he pled guilty, he would be eligible for parole. However, Mississippi Code Annotated section 47-7-3 (Rev.2011) prohibits prisoners convicted as habitual offenders from receiving parole eligibility. Jackson stated that if he had been given correct information and advice as to parole eligibility — that due to his enhanced change, he was ineligible for parole — then he would not have pled guilty. As a result, Jackson asserted that he received ineffective assistance of counsel. Jackson claims that after one full year, he failed to receive a ruling on his PCR motion. Jackson wrote a letter to the circuit court clerk inquiring as to the status of Jackson’s PCR motion.
¶ 4. Jackson then filed a request for a writ of mandamus with the Mississippi Su *809 preme Court on March 20, 2013. On April 18, 2013, the trial court sent' a letter to the Clerk • of Court for the Mississippi Supreme Court explaining that on March 28, 2013, an opinion and order was entered summarily dismissing Jackson’s PCR motion. In its order, the trial court explained that after reviewing the record, it found no merit to Jackson’s claim that he received ineffective assistance of counsel.
¶ 5. The trial court’s order dismissing Jackson’s PCR motion contains an excerpt from the plea-hearing transcript. This excerpt reflects that the State recommended on the record that Jackson be sentenced to serve forty-five years in the custody of the MDOC, with twenty-three years to serve and the remaining twenty-two suspended, and with five years of post-release supervision. Jackson confirmed that he heard the recommendation. The trial court inquired as to whether Jackson understood the minimum and maximum sentences that could be entered on the guilty plea, and Jackson stated, “Yes, sir, I do, Your Honor.” The trial court continued to explain that Jackson’s sentence for his guilty plea, when combined with his sentence for a separate charge, could amount to “a total of ninety years[.] ... [D]o you understand that?” Jackson again stated that he did understand.
¶ 6. The order also reflects that Jackson informed the trial court that he was satisfied with the services of his attorney, and felt that his attorney had properly advised him in his plea and properly represented him in the case. The record reflects, however, that Jackson received no evidentiary hearing on his petition before the trial court. :
¶ 7. Jackson now appeals the trial court’s dismissal of his PCR motion.
STANDARD OF REVIEW
¶ 8. When reviewing a trial court’s denial or dismissal of a PCR motion, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012).
¶ 9. Regarding the issue before us on appeal, we recognize that this Court has reached different results depending on whether the petitioner provided evidence that his counsel gave him erroneous advice as to parole eligibility.
DISCUSSION
¶ 10. Jackson argues that his defense counsel’s interpretation of law concerning- parole eligibility was erroneous, and as a result, his guilty plea was involuntarily entered. Jackson asserts that‘his counsel advised him that the enhanced penalty under section 41-29-152 would have no bearing on his parole eligibility. Jackson claims that his attorney “played on [Jackson’s] ignorance of the law and his fear of going to prison.” ‘‘Jackson states that based 'on his attorney’s advice, he believed he would become eligible for parole after serving fívé years and nine months of his twenty-three-year sentence, and thus proceeded to pléad guilty. Jackson claims that oncé he was incarcerated, however, he learned that pursuant to Mississippi Code Annotated section 47-7-3, offenders with enhanced penalties possess no eligibility for parole consideration even if the' underlying crime is considered nonviolent. Jackson argues that he would have never pled guilty had he been informed that he would not receive parole eligibility. Jackson asserts that the trial court erred by not granting him an eviden-tiary hearing in order to prove the claim he made in his PCR motion. In reviewing Jackson’s appeal, we first examine if the alleged erroneous advice would have ren *810 dered Jackson’s plea involuntary. We then review whether Jackson met his burden to present sufficient evidence in support of his claim of error to warrant an evidentiary hearing; ■ ■
¶ 11, In addressing whether the alleged erroneous advice would have rendered Jackson’s plea involuntary, this Court has recognized that “[a] voluntary guilty plea ‘emanates from the defendant’s informed consent.’ ” Readus v. State, 837 So.2d 209, 212 (¶ 9) (Miss.Ct.App.2008) (quoting Myers v. State, 583 So.2d 174, 177 (Miss.1991)). In Thomas v. State, 881 So.2d 912, 916 (¶ 9) (Miss.Ct.App.2018), this Court held:
A guilty plea is binding on a defendant only if it is entered voluntarily and intelligently. A plea is considered “voluntary and intelligent” only if.the defendant is informed of the nature of the charge against him and the consequences of the plea. Before the trial court may accept a guilty plea, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. As part of its voluntariness inquiry, the court must determine whether the accused understands the minimum and maximum sentences for the charge,
(Citations and quotation marks omitted). However, ‘‘[a]n allegation that the defendant pled guilty in response to counsel’s mistaken advice may vitiate the plea, because it indicates the defendant- may not have been folly aware of the consequences of the plea.” Readus, 837 So.2d at 212 (¶9).
1112. Jackson argues that his case is analogous to Washington v. State, 620 So.2d 966, 967 (Miss.1993), where the defendant, Washington, was granted- an evi-dentiary hearing after he received misinformation regarding his parole eligibility. The trial court affirmatively provided erroneous information to Washington regarding parole eligibility. Id. In that case, the trial court incorrectly stated on the record during the plea colloquy that Washington was eligible for parole when he was not. The supreme court held that the issue was not whether Washington was -sufficiently advised on his parole eligibility, but “Whether he was apprised of the mandatory sentence without parole consideration.” Mat 970.
¶ 13. The State) however, cites to Stewart v. State, 845 So.2d 744, 747 (¶11) (Miss.Ct.App.2608), where this Court held that being unaware of ineligibility for parole “is not synonymous with ill or "erroneous advice. A defendant does not possess a constitutional right to full parole information at or before his guilty plea.” In Stewart,,- the defendant asserted that she was unaware" of her ineligibility for parole, earned time, and meritorious time. M Upon review, this Court explained that “[a] trial judge is not required to inform a defendant of the defendant’s ineligibility for parole.” M
¶ 14. In delving- into more recent case law on the issue of lack of knowledge of parole ineligibility, we first turn to Thomas v. State, 881 So.2d 912, 915 (¶5) (Miss.Ct.App.2004). In Thomas, the defendant, Thomas, filed a PCR motion that was summarily dismissed. Id. Thomas alleged that his plea was involuntary because he entered it based on his counsel’s erroneous advice that he would be eligible for parole. Id. at 915-16 (¶ 9). Although the Thomas Court acknowledged that parole eligibility is not a consequence of a guilty plea, the court clarified that “a plea is involuntary if a.,.defendant is affirmatively misinformed regarding the possibility of parole and pleads guilty in reliance on the misinformation.” Id. at 916 (¶ 10). After reviewing the record; the Thomas Court found that the transcript revealed that although *811 the trial court informed Thomas' of the minimum and maximum sentences he could receive, the issue of parole was never addressed at the plea hearing. Id. at 917 (¶ 13). As a result, the alleged erroneous advice by Thomas’s counsel went uneor-rected. M This Court then held that a defendant is entitled to an evidentiary hearing if he alleges that his plea is involuntary because, he relied on his attorney’s erroneous advice regarding the possibility of parole. Id. at (¶ 14) (citation omitted). This Court determined that Thomas was entitled to an evidentiary hearing. Id.
¶ 15. This Court further expounded on the issue of lack of knowledge of parole ineligibility in Collier v. State, 112 So.3d 1088, 1091 (¶ 8) (Miss.Ct.App.2013). In Collier, this Court explained “that [e]ligi-bility for parole is not a ‘consequence’ of a plea of guilty, but a matter of legislative grace. It is equally tone that noneligibility for parole is not a ‘consequence’ of a plea of guilty; rather; it is a consequence of the withholding of legislative grace.” Id. (citing Ware v. State, 879 So.2d 904, 907 (Miss.1980)). Collier, like Jackson, was ineligible for parole due to an enhanced penalty. Similar to Thomas, upon review of the record, the Collier Court found that the sentencing-hearing transcript revealed no discussion of Collier’s eligibility or ineligibility for parole. Id. However, unlike Thomas, the Court then affirmed the dismissal of Collier’s PCR motion, finding “[although Collier may have received incorrect information regarding his sentence, the record before this Court is insufficient to grant relief.”
¶ 16. In another similar case, this Court reached a different result. In Sylvester v. State, 113 So.3d 618, 623-24 (¶20) (Miss.Ct.App.2013), where the defendant filed a PCR motion claiming that prior to entering a guilty plea, he was misinformed as to his eligibility for trusty earned time. The Sylvester Court found that the inquiry regarding eligibility for trusty, earned time was analogous to that of eligibility for parole. This Court stated that
if a defendant alleges he was given erroneous advice by his attorney as to his eligibility for trusty earned time and that erroneous advice goes uncorrected, and he provides evidence other than his own statement (such as a .sworn affidavit from a third party), he-is .entitled to an evidentiary hearing.
Id. at 623 (¶ 19).
¶ 17. Like the plea colloquy in this case, the plea-hearing transcript in Sylvester reflected that the trial court informed Sylvester of the maximum and minimum sentences; however, Sylvester and his sister both provided affidavits asserting he was misinformed as to his eligibility for trusty earned time. Id. at 623-24 (¶20), This Court found Sylvester presented sufficient evidence to support his PCR motion alleging erroneous .advice- and held that as a result, the plea colloquy did not correct the alleged misinformation, and thus Sylvester was entitled to an evidentiary hearing on whether his plea was knowingly, intelligently, and voluntarily entered. Id.
¶ 18. Regarding .evidentiary hearings for claims made in PCR motions, Mississippi Code Annotated section 99 — 39— 11(2) (Supp.2018) provides: “If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant .is not entitled to any relief, the judge may make an order for. its dismissal and cause the petitioner to be notified.” See also Burrough v. State, 9 So.3d 368, 371 (¶ 6) (Miss.2009). When the only support the movant offers is his . own affidavit, and it is contradicted by unimpeachable documents in the record,'the Mississippi Supreme Court has held that an evidentiary hearing is not required. Gable v. State, 748 So.2d 708, 706 (¶ 12) *812 (Miss.1999). “However, when the movant attaches an affidavit of another who supports the allegation, the trial court may be required to conduct an evidentiary hearing.” Sylvester, 113 So.3d at 621 (¶ 10). Here, the record reflects that Jackson attached his own affidavit, as well as an affidavit from his wife, Testiny Jackson, to his PCR motion. Both affidavits state that Jackson’s attorney told him that the enhanced sentence would not prevent him from being eligible for parole. Precedent reflects that Jackson’s claim of error, if sufficiently proven, undermines the informed consent required for a voluntary and intelligent plea of guilty.
¶ 19. Jackson also argues that the alleged erroneous advice of his counsel resulted in the deprivation of his Sixth Amendment right to effective assistance of counsel. To prove ineffective assistance of counsel, Jackson must demonstrate: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Jackson bears the burden of proof. See McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶20. When performing an analysis to determine whether coúnsel was ineffective, it is presumed that counsel’s representation falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. However, the defendant may overcome the'presumption by “show[ing] that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052.
¶21. As previously stated, Jackson alleges that his attorney erroneously informed him that he would be eligible for parole upon pleading guilty, and he claims that if he had been given correct advice, he would not have entered a guilty plea. To prove ineffective assistance of counsel, Jackson must show that but for his attorney’s errors, he would not have entered his guilty plea. Deloach v. State, 937 So.2d 1010, 1011 (¶5) (Miss.Ct.App.2006) (citations omitted). In Sylvester, this Court held that the affidavits submitted by Sylvester were sufficient to establish his claim. Sylvester, 113 So.3d at 624 (¶23).
¶ 22. Although Jackson confirmed during the plea hearing that he understood his possible sentence and affirmed his satisfaction with his attorney, similarly to the plea colloquy in Thomas and Sylvester, the plea hearing before us fails to reflect that Jackson received correct advice about his eligh bility for earned time. See id. at (¶24); Thomas, 881 So.2d at 917 (¶ 13). Additionally, the record reflects that Jackson met the evidentiary burden required in order to obtain an evidentiary hearing. As acknowledged, in support of his petition, Jackson provided his own affidavit, as well as an affidavit from his wife, and both affidavits attest that Jackson’s counsel informed them that pleading guilty would not affect. Jackson’s eligibility for parole. Accordingly, the record reflects sufficient evidence was presented in support of Jackson’s petition to warrant an evidentiary hearing to explore the merits of this claim.
¶23. We therefore reverse and remand this case for an evidentiary hearing on the issues raised in the PCR motion.
¶ 24. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS AP *813 PEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL, FAIR AND JAMES, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.