# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01186-COA

WILLIE JAMES ALLEN A/K/A WILLIE J.                          APPELLANT
ALLEN A/K/A MOOKIE

v.

STATE OF MISSISSIPPI                                          APPELLEE

DATE OF JUDGMENT:            06/25/2013
TRIAL JUDGE:                 HON. LILLIE BLACKMON SANDERS
COURT FROM WHICH APPEALED:   WILKINSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      WILLIE JAMES ALLEN (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: LADONNA C. HOLLAND
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:     MOTION FOR POST-CONVICTION RELIEF
                             DISMISSED
DISPOSITION:                 AFFIRMED - 10/14/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., MAXWELL AND FAIR, JJ.

### MAXWELL, J., FOR THE COURT:

¶1.     Willie James Allen was charged with killing two people and injuring another during a 1993 nightclub shooting. Allen pled guilty to murder, manslaughter, and aggravated assault. Almost twenty years into his life sentence,[1] he argued his guilty pleas were involuntary and new evidence showed he was not guilty. Allen asked for appointed counsel to pursue these claims. The circuit judge treated his filing as a motion for post-conviction relief (PCR) and dismissed the motion. After review, we find Allen's post-conviction

_____

[1] Allen received a life sentence for murder. He was also sentenced to twenty consecutive years for manslaughter and ten concurrent years for aggravated assault.

challenge is almost two decades too late and is also successive-writ barred. We thus find no error in the dismissal of his motion and denial of counsel. We affirm.

## Facts and Procedural History

¶2. Allen was charged with shooting Ronald Lee Mars, Carolyn Denise Jackson, and Tyrone Jackson with a rifle. The shooting happened on New Year's Eve 1993 at the Ace of Hearts Club in Centerville, Mississippi. Ronald and Carolyn died but Tyrone survived. On April 15, 1995, Allen pled guilty to murder, manslaughter, and aggravated assault. He was sentenced to life for murder, twenty consecutive years for manslaughter, and a concurrent ten years for aggravated assault.

¶3. Allen's first PCR motion was dismissed by the circuit court on March 20, 2003. And his later appeal to the Mississippi Supreme Court was dismissed for failure to pay appeal costs. The supreme court's mandate issued June 9, 2003.

¶4. Ten more years passed before Allen filed a June 21, 2013 motion. In his motion, Allen sought appointed counsel and claimed his trial attorney was ineffective. He also detailed what he deemed "newly discovered evidence"—the identity of the real shooter— which he argued undermined his guilty pleas. The circuit judge treated the filing as a PCR motion. She denied his request for counsel and dismissed his PCR claims as time-barred. Allen appealed.

## Discussion

¶5. In reviewing the dismissal of a PCR motion, we "will not disturb the circuit court's factual findings unless they are clearly erroneous." *Smith v. State*, 118 So. 3d 180, 182 (¶6)

2

(Miss. Ct. App. 2013) (citing *Holloway v. State*, 31 So. 3d 656, 657 (¶5) (Miss. Ct. App. 2010)). We review questions of law de novo. *Id*.

## I. Procedural Bars

¶6. In dismissing Allen's recent PCR motion, the circuit judge recognized just one of the procedural bars to our review—the time-bar. But Allen actually faces two procedural snags. The first deals with the tardiness of his challenges. And the second focuses on the successive nature of his challenges.

### a. Time-Bar

¶7. Under Mississippi's PCR statute, challenges to guilty pleas must be filed within three years after entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Supp. 2014). The record shows Allen pled guilty in 1995 but waited until 2013 to file this PCR challenge. So his present PCR motion was properly dismissed as untimely.

### b. Successive-Writ Bar

¶8. The second procedural problem is that Allen has already filed a PCR attack—an attack that was previously dismissed as untimely back in 2003. And the Uniform Post-Conviction Collateral Relief Act (UPCCRA) bars review of PCR challenges when the movant has already filed a PCR motion. Miss. Code Ann. § 99-39-23(6) (Supp. 2014). Thus, Allen's second motion—the 2013 PCR motion—is also procedurally barred as a successive writ.

## II. Substantive Claims

¶9. Allen's claims are no doubt barred. Still, we look to see if an exception to these procedural bars applies. It is the movant's burden "to show he has met a statutory

exception." *White v. State*, 59 So. 3d 633, 635 (¶8) (Miss. Ct. App. 2011) (citing *Adams v. State*, 954 So. 2d 1051, 1053 (¶7) (Miss. Ct. App. 2007)). There is a recognized exception for "errors affecting fundamental constitutional rights." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). But the mere assertion of a fundamental-right violation is not enough.

¶10. Here, Allen claims his attorney's ineffective assistance rendered his pleas involuntary and his attorney was deficient for not raising speedy-trial issues. He also argues he has newly discovered evidence of his innocence. After review, we find none of these claims are excepted from the time-bar and successive-writ bar.[2]

*Ineffective Assistance of Counsel*

a.      *Involuntary Plea*

¶11. The Mississippi Supreme Court has consistently held that the UPCCRA's procedural bars apply to PCR claims based on ineffective assistance of counsel. *Crosby v. State*, 16 So. 3d 74, 78 (¶8) (Miss. Ct. App. 2009) (citing *Chancy v. State*, 938 So. 2d 267, 270 (¶11) (Miss. Ct. App. 2005)). Ineffective-assistance claims require a showing that: (1) counsel's performance was deficient and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Though "[i]t is conceivable that under the facts of a particular case, . . . a lawyer's performance was so deficient, and so prejudicial to the defendant[,] that the

---

[2] Allen raises several issues on appeal that were not raised in his PCR motion. These claims were not before the trial judge and are procedurally barred from our review. *See Bell v. State*, 117 So. 3d 661, 663 n.1 (Miss. Ct. App. 2013) (citing *Hamilton v. State*, 44 So. 3d 1060, 1065 (¶15) (Miss. Ct. App. 2010)). Thus, we limit our review and discussion to the issues Allen raised in his PCR motion.

4

defendant's fundamental constitutional rights were violated[,]" our supreme court "has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar." *Smith v. State*, 922 So. 2d 43, 47 (¶9) (Miss. Ct. App. 2006) (quoting *Bevill v. State*, 669 So. 2d 14, 17 (Miss. 1996)). And we refuse to do so today.

¶12. We instead find the bars remain intact since Allen failed to support his ineffective-assistance-of-counsel claim with specific facts to overcome the strong presumption that his counsel's performance was sufficient. Not only are his factual allegations of deficient performance lacking, but his plea colloquy shows he was satisfied with his attorney. The colloquy also shows the judge thoroughly advised him of the various constitutional rights he was waiving by pleading guilty, and that his plea was knowingly and intelligently entered. *See Dockery v. State*, 96 So. 3d 759, 763 (¶17) (Miss. Ct. App. 2012) (noting that where a judge advises a defendant of his rights, the nature of the charges, and the consequences of the plea, a guilty plea is deemed voluntarily and intelligently made). During his plea hearing, Allen even acknowledged his remorse and apologized to the families for committing these crimes. So we find his voluntariness-based, ineffective-assistance-of-counsel claim is not excepted.

### b. Speedy-Trial Rights

¶13. We also find no exception for his claim that his attorney was constitutionally deficient for not advising him of his speedy-trial rights. The supreme court has "recognized that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." *Anderson v. State,* 577 So. 2d 390, 391 (Miss. 1991) (citing *Ellzey v. State,*

5

196 So. 2d 889, 892 (Miss. 1967)). Generally included in this class are "those [rights] secured by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Sections 14 and 26, Article 3, of the Mississippi Constitution of 1890." *Id.*; *see also Jefferson v. State,* 556 So. 2d 1016, 1019 (Miss. 1989). And "specifically include[d] in that class of waivable or forfeitable rights [is] the right to a speedy trial, whether of constitutional or statutory origin." *Anderson*, 572 So. 2d at 392. So by pleading guilty, Allen waived his speedy-trial rights.

¶14. While it is possible a lawyer can be deemed to not meet minimal performance standards by failing to assert a speedy-trial issue, the petitioner bears the burden of showing such an issue could have merit. *Ellis v. State*, 773 So. 2d 412, 413 (¶5) (Miss. Ct. App. 2000). And here, Allen fails in this burden since he has not pled specific facts to show any such deficiency.

### c. Newly Discovered Evidence

¶15. Allen's most prominent PCR claim involves what he coins "newly discovered evidence." Despite the fact that he pled guilty to murdering Carolyn Jackson, Allen now suggests she was really killed by her brother, Tyrone Jackson—the admitted victim of Allen's shooting-based, aggravated-assault conviction. This revelation was allegedly made by a third-party during a jailhouse phone conversation with Allen. Allen also insists he heard similar information when attending a 1999 funeral. Specifically, Allen claims he was told Jackson accidently shot his own sister, then as a cover, shot himself at the Centerville nightclub on New Year's Eve in 1993.

6

¶16. The successive-writ bar does not apply where a PCR movant shows "he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence." Miss. Code Ann. § 99-39-23(6). There is also a newly-discovered-evidence exception to the three-year statute of limitations that is, in substance, identical to this provision. *See* Miss. Code Ann. § 99-39-5(2).

¶17. While Allen claims he has "new" evidence, this "new" evidence includes his recitation of what he was told by someone else—a person he does not even allege witnessed the shooting. And Allen failed to attach supporting affidavits from any purported witnesses. After review, we find these unsupported, self-serving assertions fall far short of being practically conclusive that, if introduced at trial, they would cause a not-guilty verdict. Thus, the requirements of the statutory exception for newly discovered evidence were not met.

### d. Denial of Counsel

¶18. When a PCR motion is filed, the trial judge decides if the motion should be dismissed or if an evidentiary hearing should be held. *See* Miss. Code Ann. § 99-39-19(1) (Rev. 2007). "If an evidentiary hearing is required the judge *may* appoint counsel for a petitioner who qualifies for the appointment of counsel under [Mississippi Code Annotated section 99-15-15 (Rev. 2007)]." Miss. Code Ann. § 99-39-23(1) (Supp. 2014) (emphasis added). Nothing in the UPCCRA requires that a petitioner seeking PCR relief in a non-death-penalty case[3] be

---

[3] *See Grayson v. State*, 118 So. 3d 118, 126 (¶14) (Miss. 2013) ("PCR petitioners who are under a sentence of death do have a right to the effective assistance of PCR counsel.").

furnished counsel, either at the trial level or on appeal. *Jackson v. State*, 732 So. 2d 187, 190 (¶7) (Miss. Ct. App. 1999); *see also Harris v. State*, 704 So. 2d 1286, 1289 (Miss. 1997) (abrogated on other grounds) (defendant not entitled to appointed counsel on further discretionary review after direct appeal decided by court of appeals). And there is no other recognized state or federal constitutional right to appointed counsel in post-conviction proceedings. *Moore v. State*, 587 So. 2d 1193, 1195 (Miss. 1991).

¶19. After reviewing the motion, the trial judge found there was no necessity for an evidentiary hearing. Finding Allen's almost twenty-year-old claims were not excepted from the procedural time-bar, the judge saw no need for appointed counsel or a hearing. We find no error in her decision to dismiss.

**Conclusion**

¶20. Not only is Allen's challenge nearly two decades too late but it is also subsequent to an earlier post-conviction motion. Because Allen has not shown an exception to these procedural bars, we affirm the dismissal of his recent PCR motion and denial of his request for counsel.

¶21. **THE JUDGMENT OF THE WILKINSON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WILKINSON COUNTY.**

 **LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**