# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00417-COA

**CALVIN LEE ROBINSON A/K/A CALVIN L. ROBINSON**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                 **APPELLEE**

DATE OF JUDGMENT:            01/11/2017
TRIAL JUDGE:                 HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:   LEFLORE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      CALVIN LEE ROBINSON (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY:  SCOTT STUART
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 06/26/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., CARLTON AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.    Calvin Lee Robinson, appearing pro se, appeals the Leflore County Circuit Court's denial of his motion for post-conviction relief (PCR).[1]  Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.    In 2002, Robinson was indicted for statutory rape.  In 2003, he pleaded guilty and was sentenced to thirty years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended upon successful completion of five years of supervised

---

[1] Although styled as a denial and dismissal, we refer to the determination as a "denial" pursuant to *Jackson v. State*, 67 So. 3d 725, 730-31 (¶¶17-21) (Miss. 2011).

probation.

¶3. In July 2004, Robinson filed his first PCR motion, which the circuit court denied. In that PCR motion, Robinson asserted that his plea was involuntary, his trial counsel was deficient, and his sentence was disproportionate. Robinson did not appeal the denial of the 2004 PCR motion.

¶4. In September 2007, Robinson filed his second PCR motion, which the circuit court denied as successive. Robinson appealed the denial of this motion. In 2009, this Court affirmed the circuit court's judgment in *Robinson v. State*, 19 So. 3d 140, 141 (¶21) (Miss. Ct. App. 2009).

¶5. In 2016, Robinson filed his third PCR motion alleging that he was denied effective assistance of counsel. He asserted that his trial counsel assured him that he would receive a sentence between eight and six years if he entered a guilty plea. Robinson attached the affidavits of his sister, Minnie Scott, his wife, Debra Robinson, and his niece, Sharon Murry, in support of his assertion. In January 2017, the circuit court deemed Robinson's PCR motion was time-barred, successive, and without merit.

¶6. In June 2017, Robinson timely filed a motion to proceed on appeal to this Court, and that motion was granted.

## STANDARD OF REVIEW

¶7. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Jackson v. State*, 178 So.

3d 807, 809 (¶8) (Miss. Ct. App. 2014).

## DISCUSSION

¶8. This is Robinson's third PCR motion. The circuit court held that Robinson's PCR motion was time-barred, successive, and without merit.

### I. Procedural Bars

#### A. Time-Bar

¶9. "Under Mississippi's PCR statute, challenges to guilty pleas must be filed within three years after entry of the judgment of conviction." *Allen v. State*, 177 So. 3d 1148, 1150 (¶7) (Miss. Ct. App. 2014); *see also* Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Robinson filed this PCR motion more than three years after the entry of his judgment of guilt in 2003. Therefore, his motion is time-barred.

#### B. Successive-Writ Bar

¶10. The circuit court dismissed Robinson's other two PCR motions and deemed them successive. "Under the UPCCRA, any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion." *Stokes v. State*, 199 So. 3d 745, 749 (¶9) (Miss. Ct. App. 2016); *see also* Miss. Code Ann. § 99-39-23(6) (Rev. 2015). As a result, this PCR motion is successive-writ barred.

### II. Other Claims in Robinson's Pro se Brief

¶11. Robinson asserts that his attorney's ineffective assistance rendered his guilty plea involuntary. He also argues that he has newly discovered evidence to overcome the procedural bars.

3

¶12. This Court has ruled that "[w]hen a subsequent PCR motion is filed, the burden falls on the movant to show he has met a statutory exception." *Id*. at 749 (¶10). We acknowledge that "[t]here is a recognized exception for errors affecting fundamental constitutional rights." *Allen*, 177 So. 3d at 1150 (¶9) (internal quotation mark omitted). However, "mere assertion[s] of a fundamental-right violation [are] not enough." *Id*. Therefore, this Court will review Robinson's additional claims to determine whether any exceptions to the procedural bars apply.

*Ineffective Assistance of Counsel, Involuntary Plea, and Newly Discovered Evidence*

¶13. Robinson maintains that he was denied effective assistance of counsel and did not voluntarily enter his guilty plea. Robinson asserts that he would not have entered a guilty plea if he had known the actual consequences of the guilty plea. Robinson claims that his trial counsel informed him that the circuit court would sentence him to a term between six and eight years. Attached to his PCR motion were three affidavits.

¶14. "Ineffective-assistance claims require a showing that: (1) counsel's performance was deficient and (2) prejudice resulted." *Allen*, 177 So. 3d at 1150 (¶11) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Further, "the burden of proving that a guilty plea is involuntary is on the defendant and must be proven by a preponderance of the evidence." *Funchess v. State*, 202 So. 3d 1286, 1289 (¶7) (Miss. Ct. App. 2016). "To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Id*.

¶15. In *Robinson v. State*, 19 So. 3d 140, 144 (¶20) (Miss. Ct. App. 2009), this Court held:

[Robinson's] petition was accompanied by the affidavit of Robinson's wife, and it contained allegations concerning the voluntariness of his guilty plea, his assertion that his counsel was ineffective, as well as a similar argument about the disproportionality of his sentence. The circuit court considered these issues and denied Robinson's first PCR petition on the merits, as it had the discretion to do.

¶16. However, Robinson asserts that he submitted newly discovered evidence to the circuit court evincing that he received ineffective assistance of counsel. The three affidavits submitted to the circuit court signed by Robinson's wife, Debra Robinson, his sister, Minnie Scott, and his niece, Sharon Murry, stated that each person was present when Robinson's attorney assured him that he would only receive a six to eight years sentence if he entered a guilty plea.

¶17. The circuit court found that this evidence was available when Robinson entered his guilty plea. Furthermore, Robinson's wife had previously submitted a similar affidavit to the court, and the circuit court found that Robinson failed to state any new grounds regarding the voluntariness of his plea. As a result, the circuit court found that Robinson's claim was barred under the theory of res judicata and deemed it a successive writ.

¶18. There is, however, a newly-discovered-evidence exception to the three-year statute of limitations. *Allen*, 177 So. 3d at 1151 (¶6); *see* also Miss. Code Ann. § 99-39-5(2). "The successive-writ bar does not apply where a PCR movant shows he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence." *Allen*, 177 So. 3d at 1151 (¶6) (internal quotation mark omitted); *see also* Miss. Code Ann. § 99-39-23(6).

5

¶19. Here, although Robinson claimed he had "new" evidence, the circuit court found the attached affidavits were mere recitations of claims that had already been addressed by the court. Also, the statements contained in the affidavits were readily available at the time Robinson entered his guilty plea. But, Robinson failed to submit those affidavits during that time. The circuit court also noted that neither of the witnesses nor Robinson brought the allegations against Robinson's attorney at the hearing to withdraw his guilty plea or at Robinson's sentencing hearing. We agree.

## CONCLUSION

¶20. After review of the record, we find that Robinson failed to proffer any newly discovered evidence that would trigger any exceptions to the procedural bars. Therefore, we affirm the denial of Robinson's PCR motion.

¶21. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR.**