# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00195-COA

GREGORY T. SHELTON A/K/A GREGORY SHELTON                    APPELLANT

v.

STATE OF MISSISSIPPI                                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/03/2018 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MICHAEL LEE KNAPP |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/30/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE J. WILSON, P.J., GREENLEE AND McCARTY, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     Gregory Shelton appeals the Hinds County Circuit Court's denial of post-conviction collateral relief (PCR).  Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     In December 2011, a grand jury for the First Judicial District of Hinds County indicted Shelton for armed robbery and possession of a firearm by a convicted felon.  Shelton pled guilty on February 4, 2013, and was sentenced to serve twenty years for armed robbery and ten years for possession of a firearm by a convicted felon in the custody of the Mississippi Department of Corrections.

¶3. In May 2013, Shelton filed a motion for reconsideration of sentence. According to Shelton, in December 2012 (after being indicted but before pleading guilty), he suffered a mild stroke. And at the time he pled guilty, he was taking medications for the stroke and for psychological issues. Shelton asserted that, as a result, he did not knowingly, intelligently, or voluntarily plead guilty. At a hearing on Shelton's motion, the court noted that the motion was time barred and suggested that he file a PCR motion. The court then entered an order stating:

> The only information the [c]ourt has at this time is the plea transcript in which defendant stated he was on no drugs which would impair his ability to knowingly and voluntarily plea. The [c]ourt finds the instant motion should be denied subject to defendant's right to file a petition for post conviction relief that complies with [Mississippi Code Annotated section] 99-39-1 et al[.], which would include attaching proof of his allegation.

¶4. Thereafter, in October 2013, Shelton filed a PCR motion. Shelton reasserted that he did not knowingly, intelligently, or voluntarily plead guilty and that he received ineffective assistance of counsel. However, Shelton failed to attach any documentation to substantiate his claims. As a result, on October 22, 2013, the court entered an order dismissing Shelton's PCR motion.

¶5. A few months later, in January 2014, Shelton filed a motion for production of medical records. He then filed a motion to reopen the time for appeal and a notice of appeal. But in June 2014, the circuit court denied Shelton's motion for an out-of-time appeal. And in August 2014, the supreme court entered an order dismissing Shelton's appeal as untimely filed.

¶6. In October 2014, Shelton allegedly wrote a letter to the circuit court explaining that

he was unable to obtain his medical records.[1] Subsequently, the court entered an order requiring production of the records. And in November 2014, the court entered an order appointing an attorney to Shelton. In that order, the judge stated that he would "again treat this as a petition for post-conviction relief."[2]

¶7. In February 2017, Shelton's attorney filed a motion requesting a hearing and attached Shelton's October 2013 PCR motion and the circuit court's order dismissing the PCR motion. After a hearing, the court entered an order denying post-conviction relief. Now Shelton appeals.

## STANDARD OF REVIEW

¶8. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Robinson v. State*, 250 So. 3d 517, 519 (¶7) (Miss. Ct. App. 2018) (quoting *Jackson v. State*, 178 So. 3d 807, 809 (¶8) (Miss. Ct. App. 2014)).

## DISCUSSION

### I. Procedural Bars

¶9. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). The circuit court dismissed Shelton's PCR motion

---

[1] The letter is not part of the record on appeal.

[2] In October 2015, the case was transferred to another judge due to "an apparent conflict."

on October 22, 2013. Therefore, any subsequent filing that the circuit court "treat[ed] . . . as a petition for post-conviction relief" was successive writ barred.

¶10. In addition, "[r]es judicata prevents the litigation of claims that 'were made or should have been made' during previous litigation." *Savinell v. State*, 214 So. 3d 1061, 1063 (¶8) (Miss. Ct. App. 2016) (quoting *Riley v. State*, 150 So. 3d 138, 140 (¶8) (Miss. Ct. App. 2014)). Shelton already raised his claims that his plea was involuntary and that he received ineffective assistance of counsel in his first PCR motion. As a result, res judicata prevented relitigation of these claims.

¶11. We acknowledge that "errors affecting fundamental constitutional rights may be excepted from procedural bars." *Rowland v. State*, 42 So. 3d 503, 505-06 (¶7) (Miss. 2010). But having evaluated the merits of Shelton's allegations, we find that he has failed to establish that any fundamental right was violated.

## II. Guilty Plea

¶12. Shelton claims that he did not knowingly, intelligently, or voluntarily plead guilty because he was receiving medical treatment and under the influence of prescription medications at the time. However, this Court has held that "solemn declarations in court carry a strong presumption of verity." *Pearson v. State*, 945 So. 2d 399, 400 (¶6) (Miss. Ct. App. 2006) (citing *Gable v. State*, 748 So. 2d 703, 706 (¶11) (Miss. 1999)).

¶13. During the plea colloquy the trial court asked Shelton the following:

> BY THE COURT: Are you under the influence of any drugs or alcohol today?
>
> BY THE DEFENDANT: No, sir.

4

| BY THE COURT: | Under the influence of any prescription medications today? |
|---|---|
| BY THE DEFENDANT: | No, sir. |
| BY THE COURT: | Do you suffer from any sort of mental condition that would cause you to have a problem making a good decision about yourself? |
| BY THE DEFENDANT: | No, sir. |

¶14.    After pleading guilty, Shelton obtained his medical records, which indicate that he was prescribed Remeron for depression in November 2012 and Tegretol for bipolar disorder in December 2012.  And on January 24, 2013, a doctor ordered that Shelton continue taking the Remeron and Tegretol.  But the Medication Administration Records do not indicate that Shelton was actually administered the medications when he pled guilty on February 4, 2013.[3] Nor do they indicate that the medications affected his ability to plead guilty.  Because Shelton did not include an affidavit from his doctor or any other medical evidence to support his claim that medications affected the voluntariness of his plea, we find that Shelton is not entitled to an evidentiary hearing or post-conviction relief.  *See Pearson*, 945 So. 2d at 401 (¶10).

### III.    Assistance of Counsel

¶15.    Shelton also claims that he received ineffective assistance of counsel when he pled guilty.  This Court has held that "[a] voluntary guilty plea waives claims of ineffective

---

[3] The records indicate that, from January 1, 2013 to January 31, 2013, Shelton was administered Carbamazepine and Mirtazapine.  From February 1, 2013 to February 28, 2013, Carbamazepine and Mirtazapine were "not ordered."  And from February 7, 2013 to February 28, 2013, Shelton was administered Remeron and Tegretol.  The records also suggest that Shelton was administered Aspirin, Alavert D, and Flonase.

assistance of counsel, 'except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'" *Fortenberry v. State*, 151 So. 3d 222, 225 (¶10) (Miss. Ct. App. 2014) (quoting *Hill v. State*, 60 So. 3d 824, 827 (¶6) (Miss. Ct. App. 2011)). "When a defendant pleads guilty, and later asserts ineffective assistance of counsel, he must demonstrate that his counsel's 'conduct proximately resulted in the guilty plea, and that but for counsel's errors, he would not have entered the plea.'" *Id*. at (¶11) (quoting *Cole v. State*, 918 So. 2d 890, 894 (¶10) (Miss. Ct. App. 2006)).

¶16. Shelton asserts that his attorney knew he was under the influence of prescription medications at the time he pled guilty and failed to protect him. But again, Shelton's claim is not substantiated by any evidence. Although Shelton offers medical records, the records only indicate that a doctor prescribed Remeron for depression and Tegretol for bipolar disorder. The records do not indicate that Shelton was actually administered these medications when he pled guilty on February 4, 2013. Nor do they indicate that the medications affected his ability to plead guilty.

## CONCLUSION

¶17. We find that the trial court did not err in denying post-conviction relief. Accordingly, we affirm.

¶18. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

6