# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01822-COA

JUSTIN JAMES A/K/A "HURRICANE" A/K/A     APPELLANT
JUSTIN CURTIS MARTELL JAMES

v.

STATE OF MISSISSIPPI           APPELLEE

DATE OF JUDGMENT:    11/17/2015
TRIAL JUDGE:      HON. C.E. MORGAN III
COURT FROM WHICH APPEALED: ATTALA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:  IMHOTEP ALKEBU-LAN
ATTORNEY FOR APPELLEE:  OFFICE OF THE ATTORNEY GENERAL
           BY: ALICIA MARIE AINSWORTH
NATURE OF THE CASE:   CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:  DENIED MOTION FOR POSTCONVICTION
           RELIEF
DISPOSITION:      AFFIRMED - 12/13/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1. The Circuit Court of Attala County, Mississippi, convicted Justin James of one count of armed robbery, one count of manslaughter, two counts of aggravated assault, and one count of conspiracy to commit armed robbery. James appealed, and this Court affirmed his convictions on February 11, 2014. On July 7, 2015, James filed a motion for postconviction relief ("PCR"). James's motion was predicated upon an affidavit of Barry Love, a key State witness at James's trial, who recanted his testimony against James. On November 18, 2015, a hearing was held on the motion; however, the trial court denied James's motion. James

appeals the circuit court's decision to deny his PCR motion. Finding no error, we affirm the judgment of the circuit court.

## FACTS AND PROCEDURAL HISTORY

¶2. James, Love, Detrius Roberson, and Robert Landfair were alleged to have robbed a retail shop. One individual was shot and killed during the robbery. Two eyewitnesses testified that they saw four armed robbers and identified Love as one of the robbers, since Love's mask slipped off his face while in the shop. After his arrest, Love identified James, Roberson, and Landfair as the other coconspirators/robbers. Prior to James's trial, Landfair pled guilty.

¶3. On September 23, 2010, James and his codefendant Roberson were found guilty of armed robbery, conspiracy to commit armed robbery, two counts of aggravated assault, and one count of manslaughter. James was sentenced to sixty years in the Mississippi Department of Corrections' custody. James's conviction was predicated upon the testimony of Love and the admission of the trial transcript from Landfair's guilty-plea hearing. Love was subsequently tried and convicted of capital murder, two counts of aggravated assault, and conspiracy to commit armed robbery.

¶4. James appealed, and on February 11, 2014, this Court affirmed his conviction. On April 14, 2015, James filed his PCR motion and supported it with an affidavit executed by Love, recanting his trial testimony. On July 1, 2015, the Mississippi Supreme Court issued an order granting James leave to file his PCR motion in the trial court. On July 7, 2015, James filed his PCR motion in the Circuit Court of Attala County. The trial court held an

evidentiary hearing on the motion, with Love being the only witness called to testify. Love testified that his original testimony during James's trial was not the truth. Love contended that his gang threatened him to "get [James and Roberson] off the street," which prompted him to perjure himself at James's trial. On November 18, 2015, the trial court denied James's PCR motion on the grounds that Love's testimony at trial corroborated other witness accounts. James now appeals. On appeal, James argues that Love's recanted testimony proved that perjury existed at his trial and that perjury was the material reason James was implicated in the crime.

## DISCUSSION

¶5. At an evidentiary hearing on postconviction relief, the burden of proof is on the petitioner to "prove[] by a preponderance of the evidence that he is entitled to the relief." Miss. Code Ann. § 99-39-23(7) (Rev. 2015). "A trial court's denial of a PCR motion will not be reversed absent a finding that the trial court's decision was clearly erroneous." *Neal v. State*, 186 So. 3d 378, 381 (¶4) (Miss. Ct. App. 2016). "Credibility decisions [on recanted testimony] are for the trial judge, not this Court." *Graves v. State*, 187 So. 3d 173, 176 (¶12) (Miss. Ct. App. 2015).

¶6. James argues that the trial court abused its discretion when it denied his motion since the State's key witness, Love, recanted his testimony. Love asserted in his affidavit, and during the evidentiary hearing, that his testimony at trial "was not the truth," and was a result of his fellow gang members wanting James off the streets. However, Love testified in great detail regarding the events surrounding the commission of the crime. As such, the trial court

3

found that critical parts of Love's testimony were corroborated during the State's case-in-chief.

> When a defendant moves for a new trial based on recanted testimony, the defendant has the burden of proving two elements to the satisfaction of the trial judge at the evidentiary hearing: (1) he must have sufficiently proven the perjury existed by showing that the recantation was material, and (2) he must have proven the result of a new trial would be different than the one reached.

*Howell v. State*, 163 So. 3d 240, 248 (¶10) (Miss. 2014) (citing *Walls v. State*, 735 So. 2d 1010, 1011 (¶3) (Miss. 1999)).

¶7.     At the conclusion of the evidentiary hearing, the trial court noted numerous instances of corroborating statements made by Love. He testified that James was one of four coconspirators/robbers, and Love's detailed account of the events transpiring during the commission of the crime was corroborated by other witness accounts. The State also cited at least twelve instances where Love's testimony corroborated other witness statements. After reviewing Love's statements during the trial and evidentiary hearing, the trial court found Love's recantation was a total fabrication. Love's testimony at trial corroborated the State's evidence against James; Love's recantation could not sufficiently prove that perjury existed. As a result, James failed to prove beyond a preponderance of the evidence that the recantation entitled him to a new trial. We therefore affirm the decision of the trial court.

## CONCLUSION

¶8.     Because Love's recanted testimony failed to refute the corroborated testimony he gave during James's trial, we affirm the decision of the trial court.

¶9.     **THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL**

**COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**