GRIFFIS, P. J.,
for the Court:
¶ 1. Donnie Sylvester appeals the dismissal of his motion for post-conviction collateral relief. In this appeal, Sylvester claims: (1) his guilty plea was involuntary; (2) his sentence violated his constitutional rights, because he was not given an evi-dentiary hearing; and (3) he received ineffective assistance of counsel. Finding error, we reverse and remand for further proceedings.
FACTS
¶2. On December 12, 2008, a Perry County grand jury indicted Sylvester and his wife, Jennifer, on four charges: conspiracy, shooting into a dwelling, drive-by shooting, and aggravated assault. On September 2, 2009, Sylvester filed his petition to plead guilty to two of the four charges, drive-by shooting[1] and aggravated assault.[2]
¶ 3. The court held a hearing on Sylves-tér’s guilty plea. During the hearing, the court asked Sylvester if he was completely satisfied with his attorney’s services; Sylvester replied that he was. Sylvester also stated that he understood that the court was not bound by any recommendation of the State or district attorney and that the court would determine Sylvester’s sentence. Sylvester admitted that no one had promised him anything to get him to plead guilty. Sylvester also stated that no one told him that the court would give him a lighter sentence if he pled guilty. Sylvester was properly informed of the minimum and maximum sentences that he could receive, and Sylvester responded that he understood this. Finally, Sylvester said that no one led him to expect the state or district attorney would recommend a sentence less than the one he heard them recommend at the hearing.
¶4. On September 3, 2009, the circuit court entered an order of conviction for the charges of drive-by shooting and aggravated assault. In the order, the trial court accepted Sylvester’s plea after it found the plea was entered voluntarily and intelligently. The court sentenced Sylvester to serve thirty years for the crime of drive-by shooting, with fifteen years to serve in the custody of the Mississippi Department of Corrections and fifteen years suspended, with five years of post-release supervision. The court also sentenced Sylvester to serve fifteen years for the crime of aggravated assault. The court ordered that the sentences for aggravated assault and drive-by shooting *621 would run concurrently. The remaining two counts, conspiracy and shooting into a dwelling, were remanded to the file on the condition that Sylvester complied with the terms of his post-release supervision and suspended sentence.
¶ 5. On August 9, 2010, Sylvester filed a motion for post-conviction collateral relief. In his affidavit, Sylvester said that his attorney had incorrectly informed him that he would receive trusty earned time and would be released on post-release supervision after he served five years.
¶ 6. The motion also included an affidavit signed by Barbara Biglan, Sylvester’s sister. Biglan’s affidavit read:
On or about the afternoon of Friday, August 28, 2009, I called [Sylvester’s attorney] to cheek on the status of Donnie’s case. [The attorney] informed me that he had spoken to Donnie that morning, and Donnie had accepted a good deal [the attorney] had worked out with the district attorney. [The attorney] informed me that in exchange for Donnie pleading guilty to, among other things, the drive-by shooting, Donnie would be sentenced to thirty years, fifteen years to serve, five years [of] post-release supervision, and with application of trusty earned time and meritorious earned time, Donnie would be released from prison in five years, sooner if he qualified for twenty-five percent as a first time offender.
The affidavit also indicated that Biglan spoke with Sylvester the next day and confirmed what the attorney had said. She also attested that, based on this information, Sylvester stated that he would forego his right to a trial by jury and enter a guilty plea on the charge of drive-by shooting.
¶ 7. By order dated August 4, 2011, the trial court summarily dismissed Sylvester’s motion. The court determined that it was plainly evident that Sylvester was not entitled to any relief. Sylvester now appeals this judgment.
STANDARD OF REVIEW
¶ 8. A circuit court’s dismissal of a motion for post-conviction collateral relief will not be reversed on appeal absent a finding that the circuit court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712 (IT 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown, v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS
¶ 9. In this appeal, Sylvester argues that the trial court erred when it did not give Sylvester an evidentiary hearing to prove that his counsel had misinformed him of the consequences of his sentence. “[T]he trial court may summarily dismiss a motion for post-conviction relief ‘if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.’ ” Burrough v. State, 9 So.3d 368, 371 (¶ 6) (Miss.2009) (quoting Miss. Code Ann. § 99-39-11(2) (Rev.2007)). When the only support the defendant offers is his own affidavit, and it is contradicted by unimpeachable documents in the record, the supreme court has held that an evidentiary hearing is not required. Gable v. State, 748 So.2d 703, 706 (¶ 12) (Miss. 1999).
¶ 10. However, when the movant attaches an affidavit of another who supports the allegation, the trial court may be required to conduct an evidentiary hearing. This Court has held that “an attack on a facially correct plea may survive summary dismissal if supporting affidavits of other persons are attached.” Mitchener v. *622 State, 964 So.2d 1188, 1194 (¶ 15) (Miss.Ct. App.2007). In Mitehener, this Court held that “[t]he information contained in the affidavits was of sufficient evidentiary strength that we cannot say Mitchener’s claims were overwhelmingly belied by the plea petition and plea hearing transcript.” Id. at (¶ 17). As a result, this Court reversed and remanded the case for an evi-dentiary hearing. Id. at 1195 (¶ 18).
¶ 11. The issue before this Court is whether Sylvester’s motion and Biglan’s affidavit were sufficient evidence such that his allegations were not overwhelmingly belied by the plea-hearing transcript.

I. Involuntary Plea

¶ 12. “A voluntary guilty plea ‘emanates from the defendant’s informed consent.’ ” Readus v. State, 837 So.2d 209, 212 (¶ 9) (Miss.Ct.App.2003) (quoting Myers v. State, 583 So.2d 174, 177 (Miss. 1991)). “An allegation that the defendant pled guilty in response to counsel’s mistaken advice may vitiate the plea, because it indicates the defendant may not have been fully aware of the consequences of the plea.” Id.
¶ 13. Sylvester claims that his plea was not voluntary because his attorney had incorrectly informed him that he would receive trusty earned time and would be released on post-release supervision after he had served five years.[3] Biglan’s affidavit indicated that she talked to the attorney, and he made the same representation to her.
¶ 14. Readus is similar to this case. In his motion, Readus attached his mother’s affidavit to support his claims. Id. at 211 (¶ 4). Readus’s mother claimed that the attorney told her that Readus “would get about six years and he said something about papers after that.” Id. at (¶ 5). In his affidavit, Readus claimed his attorney told him he would receive “six months and ten years on paper.” Id. at 212 (¶ 9). Readus also stated that his attorney told him he would be sent to the Regimented Inmate Discipline (“RID”) program. Id. at 211 (¶ 4). The circuit court summarily dismissed Readus’s motion without an evi-dentiary hearing based on the conclusion that the allegations in Readus’s affidavit were belied by the plea-hearing transcript. Id. at 213 (¶ 10).
¶ 15. This Court noted the presumption of truthfulness attached to a defendant’s in-court declarations and that “a collateral attack on a facially correct plea must include supporting affidavits of other persons.” Id. at (¶ 11) (citation omitted). Readus met this requirement when he attached his mother’s affidavit. Id. at (¶ 12). Both of the affidavits claimed that Readus’s attorney led Readus to expect a far more lenient sentence. Id. at 214 (¶ 14). We concluded that the “alleged deficiency was not ‘cured’ by the plea colloquy because the erroneous advice was not directly contradicted by the [trial] court’s questioning.” Id. at 214-15 (¶ 18). In addition, because Readus alleged that he would not have pled guilty if he had known the actual consequences of the plea, we found that he had grounds for an ineffective-assistance-of-counsel claim. Id. at 214 (¶ 18). Thus, Readus was entitled to an evidentiary hearing as to whether his guilty plea was involuntary and wheth *623 er his counsel was ineffective. Id. at 210 (¶2).
¶ 16. In Thomas v. State, 881 So.2d 912, 915 (¶5) (Miss.Ct.App.2004), Thomas filed a motion for post-conviction collateral relief that was summarily dismissed. Thomas alleged that his plea was involuntary because it was entered in response to his attorney’s erroneous advice about his parole eligibility. Id. at 915-16 (¶ 9). This Court acknowledged:
A guilty plea is binding on a defendant only if it is entered voluntarily and intelligently. A plea is considered “voluntary and intelligent” only if the defendant is informed of the nature of the charge against him and the consequences of the plea. Before the trial court may accept a guilty plea, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. As part of its voluntariness inquiry, the court must determine whether the accused understands the minimum and maximum sentences for the charge.
Id. at 916 (¶ 9) (citations and quotation marks omitted). We also noted that parole eligibility is not a consequence of a guilty plea. Id. at (¶ 10). Thus, the Court found that it is not a prerequisite to a voluntary plea that the defendant understand his eligibility for parole. Id. However, the court noted that “a plea is involuntary if a defendant is affirmatively misinformed regarding the possibility of parole and pleads guilty in reliance on the misinformation.” Id.
¶ 17. While a misunderstanding created by the erroneous advice of defense counsel may be corrected by the circuit court during the voluntariness inquiry, this Court determined that the transcript revealed the issue of parole was never addressed. Id. at 917 (¶ 13). Thus, the erroneous advice went uncorrected. Id. The Court noted that a defendant is entitled to an evidentiary hearing if he alleges that his plea is involuntary because he relied on his attorney’s erroneous advice regarding the possibility of parole. Id. at (¶ 14) (citation omitted). Thus, this Court determined Thomas was entitled to an evidentiary hearing. Id.
1118. In Salter v. State, 64 So.3d 514, 516 (¶ 6) (Miss.Ct.App.2011), Salter argued his plea was involuntary and his trial counsel was ineffective because his attorney and the court gave him erroneous information about parole and earned time release. Because Salter failed to raise this issue in his first petition for post-conviction collateral relief, it was procedurally barred. Id. at 517 (¶ 12). However, this Court noted that if Salter had raised the issue in his first petition, he would have been entitled to an evidentiary hearing. Id. at (¶ 11). We found that “[ejrroneous information concerning parole and sentencing given by the circuit court at least entitles the petitioner to an evidentiary hearing on whether he relied on the erroneous information.” Id. (quoting Fairley v. State, 834 So.2d 704, 707 (¶8) (Miss. 2003)).
¶ 19. We find that Sylvester’s eligibility for trusty earned-time is analogous to eligibility for parole or the RID program. As such, if a defendant alleges he was given erroneous advice by his attorney as to his eligibility for trusty earned time and that erroneous advice goes uncorrected, and he provides evidence other than his own statement (such as a sworn affidavit from a third party), he is entitled to an evidentiary hearing.
¶ 20. The plea-hearing transcript indicates Sylvester was informed of the maximum and minimum sentences. However, his affidavit and his sister’s affidavit assert he was misinformed as to his eligi *624 bility for trusty earned time. Thus, the plea colloquy did not correct the alleged misinformation. Sylvester was entitled to an evidentiary hearing. For these reasons, we find that Sylvester is entitled to an evidentiary hearing on whether his plea was knowingly, intelligently, and voluntaria ly entered, and we reverse and remand for the circuit court to conduct such a hearing.

II. Ineffective Assistance of Counsel

¶21. Sylvester also argues that his attorney was ineffective. To prove ineffective assistance of counsel, Sylvester must demonstrate: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Sylvester bears the burden of proof. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶22. Under this analysis, it is presumed that counsel’s representation falls within the-range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. However, the defendant may overcome the presumption. To do so, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694.
¶ 23. Sylvester alleges that his attorney erroneously told him that he would be eligible for trusty earned time if he entered a guilty plea. As discussed above, this was incorrect advice. He claims that if he had been given the correct advice, he would not have entered a guilty plea. To prevail on his ineffective-assistance claim, Sylvester must show that but for his attorney’s errors, he would not have entered his guilty plea. Deloach v. State, 937 So.2d 1010, 1011 (¶ 5) (Miss.Ct.App.2006) (citations omitted). The affidavits submitted by Sylvester are sufficient to establish his claim. See Thomas, 881 So.2d at 918 (¶16).
¶ 24. However, there is a strong presumption that in-court declarations are truthful. Gable v. State, 748 So.2d 703, 706 (¶ 11) (Miss.1999). At the plea hearing, the following occurred:
THE COURT: Mr. Sylvester, are you satisfied with the services of your attorney?
SYLVESTER: Yes, sir.
THE COURT: Has he promised you anything or threatened you in any manner in order to get you to plead guilty?
SYLVESTER: No, sir.
THE COURT: Do you believe your attorney has properly advised you in this plea?
SYLVESTER: Yes, sir.
THE COURT: Do you believe he’s properly represented you in this case?
SYLVESTER: Yes, sir. '
Although Sylvester answered the standard questions and indicated his satisfaction with his attorney, the plea hearing does not show that Sylvester received correct advice about his eligibility for earned time. Therefore, Sylvester has successfully alleged that he received ineffective assistance of counsel due to his attorney’s incorrect advice about his eligibility for earned time. Sylvester is entitled to an evidentiary hearing to explore the merits of this claim.
¶ 25. We find that Sylvester is entitled to an evidentiary hearing. For these reasons, we reverse and remand this case for an evidentiary hearing on the issues raised in the motion for post-conviction collateral relief.
¶ 26. THE JUDGMENT OF THE PERRY COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR *625 POST-CONVICTION COLLATERAL RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PERRY COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS AND FAIR, JJ„ CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY JAMES, J.

. Miss.Code Ann. § 97-3-109 (Rev.2006).

. Miss.Code Ann. § 97-3-7(2) (Rev.2006).

. Mississippi Code Annotated section 47-5-138 (Supp.2012) provides for normal earned-time allowances. Mississippi Code Annotated section 47-5-138.1 (Rev.2011) provides for trusty earned time; however, section 47-5-138.1(2)(d) disqualifies a person convicted of "drive-by shooting” as eligible for trusty earned time. Mississippi Code Annotated section 47-5-142 (Rev.2011) provides for meritorious earned time. These sections provide for different reductions of a sentence.