# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00375-COA

ERIC DANIEL LACKAYE A/K/A ERIC              APPELLANT
LACKAY A/K/A ERIC LACKAYE A/K/A ERIC
LACAYE

v.

STATE OF MISSISSIPPI                            APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/05/2014 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ERIC DANIEL LACKAYE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 06/09/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND FAIR, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.    Eric Daniel Lackaye pled guilty to two counts of sale of marijuana and one count of possession of marijuana with intent to distribute. Lackaye filed a motion for post-conviction relief (PCR), alleging that his guilty pleas were involuntarily entered, and that he received ineffective assistance of counsel. The Madison County Circuit Court summarily dismissed Lackaye's PCR motion without an evidentiary hearing. Lackaye now appeals this dismissal, asserting: (1) he received ineffective assistance of counsel; (2) his guilty pleas were not

knowingly, intelligently, and voluntarily entered; and (3) the trial court erred in dismissing his PCR motion.

**FACTS**

¶2. On July 7, 2011, a Madison County grand jury indicted Lackaye on four charges: (1) sale of less than thirty grams of marijuana; (2) sale of less than thirty grams of marijuana; (3) possession of more than thirty grams but less than a kilogram of marijuana with intent to distribute; and (4) possession of one-tenth gram but less than two grams of methamphetamine. All four of the charges were enhanced, charging Lackaye pursuant to Mississippi Code Annotated section 41-29-147 (Supp. 2014) as a subsequent drug offender and Mississippi Code Annotated section 99-19-81 (Supp. 2014) as a habitual offender.

¶3. On November 28, 2011, Lackaye entered a guilty plea to two charges of sale of marijuana as a subsequent drug offender, and one count of possession of marijuana with intent to distribute as a subsequent drug offender, pursuant to section 41-29-147. In exchange for his guilty plea, the State moved to nolle prosequi the charge for possession of methamphetamine with intent to distribute, and agreed to allow Lackaye to plead as a nonhabitual offender on the three remaining charges. The trial court followed the State's recommendation and sentenced Lackaye to six years on each count of sale of marijuana. The trial court sentenced Lackaye to forty years for possession of marijuana with intent to distribute, with Lackaye to be released after serving seventeen years. The trial court ordered that all three sentences run concurrently.

¶4. On February 13, 2014, Lackaye filed a PCR motion, seeking to have his guilty pleas set aside because he received ineffective assistance of counsel and his pleas were not knowingly, voluntarily, and intelligently made. Lackaye specifically claimed that his defense counsel incorrectly advised him that if he pled guilty and acted as a model prisoner, he would be eligible for parole after serving four to five years, or twenty-five percent, of his sentence. On March 5, 2014, the trial court summarily dismissed the PCR motion. Lackaye filed the instant appeal, asserting that he was denied effective assistance of counsel and that the trial court erroneously dismissed his PCR motion.

## STANDARD OF REVIEW

¶5. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

¶6. Lackaye asserts that his counsel gave him erroneous advice and information; specifically, that if Lackaye pled guilty and acted as a model prisoner, he would be eligible for parole after serving four to five years, or twenty-five percent, of his sentence. Mississippi Code Annotated section 47-7-3(1)(f) (Supp. 2014) prohibits prisoners convicted of a felony with enhanced penalties from receiving parole. Lackaye pled guilty as a subsequent drug offender under section 41-29-147 and received enhanced sentences of twice the term, and

therefore lacked eligibility for parole. Lackaye claims that his counsel advised him that because his crime was "nonviolent," he would be eligible for parole. Lackaye alleges that after his transfer to Mississippi Department of Corrections custody, he learned "that the nature of his charges did not qualify him for parole eligibility nor '30 for 30 trustee good time' eligibility." Lackaye claims that had his defense counsel given correct information and advice as to his parole eligibility, then he would have gone to trial and not pleaded guilty.

¶7. In reviewing Lackaye's appeal, we first examine if the allegedly erroneous advice would have rendered Lackaye's plea involuntary. We then review whether Lackaye met his burden to present sufficient evidence in support of his claim of error to warrant an evidentiary hearing. "A guilty plea is binding if entered voluntarily, knowingly, and intelligently." *Woods v. State*, 71 So. 3d 1241, 1244 (¶8) (Miss. Ct. App. 2011). This standard is met if "the defendant is advised concerning the nature of the charge against him and the consequences of the plea." *Mason v. State*, 42 So. 3d 629, 632 (¶7) (Miss. Ct. App. 2010) (quoting *Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992)). The petitioner bears the burden of proving by a preponderance of the evidence that his plea was involuntarily entered. *Woods*, 71 So. 3d at 1244 (¶8) (citing *Sayles v. State*, 35 So. 3d 567, 569 (¶7) (Miss. Ct. App. 2010)).

¶8. Lackaye's claim of error, if proven, "undermines the informed consent required for a voluntary and intelligent plea of guilty." *Jackson v. State*, 2013-CP-00494-COA, 2014 WL 2579617, at *4 (¶18) (Miss. Ct. App. June 10, 2014). Rule 8.04(A)(4)(b) of the Uniform

4

Rules of Circuit and County Court provides that in accepting a guilty plea, the trial court has the duty to ensure "[t]hat the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law[.]" This Court has recognized that

> it is not a prerequisite to a voluntary plea that the defendant understand the nature of parole, his eligibility for parole, and the circumstances under which it may be granted. On the other hand, a plea is involuntary if a defendant is affirmatively misinformed regarding the possibility of parole and pleads guilty in reliance on the misinformation.

*Mosley v. State*, 150 So. 3d 127, 136-37 (¶29) (Miss. Ct. App. 2014) (citing *Thomas v. State*, 881 So. 2d 912, 916 (¶10) (Miss. Ct. App. 2004)). A defendant is entitled to an evidentiary hearing if he alleges that his plea is involuntary because he relied on his attorney's erroneous advice regarding the possibility of parole, and his allegations are uncontradicted by the record. *Thomas*, 881 So. 2d at 917 (¶14).

¶9. In *Sylvester v. State*, 113 So. 3d 618, 623 (¶19) (Miss. Ct. App. 2013), this Court held that

> if a defendant alleges he was given erroneous advice by his attorney as to his eligibility for trusty earned time and that erroneous advice goes uncorrected, and he provides evidence other than his own statement (such as a sworn affidavit from a third party), he is entitled to an evidentiary hearing.

In *Sylvester*, the plea-hearing transcript revealed that Sylvester was informed of the maximum and minimum sentences. *Id*. at (¶20). However, Sylvester provided his own affidavit, as well as an affidavit from his sister, alleging that he was misinformed as to his eligibility for trusty earned time. *Id*. at 623-24 (¶20). The issue of parole was not addressed

5

during his plea colloquy, and thus the alleged misinformation went uncorrected. *Id*. at 624 (¶20). This Court held that Sylvester provided sufficient evidence showing that he was entitled to an evidentiary hearing on whether his plea was knowingly, intelligently, and voluntarily entered. *Id*.

¶10. In the similar case of *Thomas*, 881 So. 2d at 917 (¶13), Thomas alleged that his plea was involuntary because he entered it based on his counsel's erroneous advice that he would be eligible for parole. Upon review, this Court also discovered that the issue of parole was never addressed in the plea hearing. *Id*. at 918 (¶16). Recognizing that "a defendant who alleges that his plea is not voluntary because of his reliance on his attorney's faulty advice regarding the possibility of parole[ ] is entitled to an evidentiary hearing," this Court determined Thomas was entitled to an evidentiary hearing "on the issues of (1) whether or not Thomas'[s] plea was involuntary due to his reliance on incorrect information about his parole eligibility and (2) whether Thomas received ineffective assistance of counsel due to incorrect advice about parole eligibility." *Id*. at 917-18 (¶¶14, 20).

¶11. In the more recent case of *Jackson*, we held that the plea-hearing transcript failed to reflect that Jackson received correct advice about his eligibility for earned time. *Jackson*, 2014 WL 2579617, at *5 (¶22). Jackson provided his own affidavit in support of his PCR motion, as well as an affidavit from his wife, stating that Jackson's attorney told him that the enhanced sentence would not prevent him from being eligible for parole. *Id*. As a result, we held that Jackson "met the evidentiary burden required in order to obtain an evidentiary

6

hearing." *Id*.

¶12.    "The trial court may summarily dismiss a motion for post-conviction relief 'if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.'" *Burrough v. State*, 9 So. 3d 368, 371 (¶6) (Miss. 2009) (quoting Miss. Code Ann. § 99-39-11(2) (Rev. 2007)).  When the only support the movant offers is his own affidavit, and it is contradicted by unimpeachable documents in the record, an evidentiary hearing is not required.  *Gable v. State*, 748 So. 2d 703, 706 (¶12) (Miss. 1999).  "However, when the movant attaches an affidavit of another who supports the allegation, the trial court may be required to conduct an evidentiary hearing."  *Sylvester*, 113 So. 3d at 621 (¶10).

¶13.    In the present case, Lackaye provided his own affidavit in support of his PCR motion, affidavits from his father and another inmate, and also a letter allegedly from defense counsel, all of which bolster Lackaye's claim that defense counsel informed Lackey he would be eligible for parole after serving four or five years, or twenty-five percent[1] of his sentence.  The State agrees that the record reflects that Lackaye presented sufficient evidence in support of his motion, entitling Lackaye to an evidentiary hearing to explore the merits of his claim that his defense counsel gave him erroneous information about his parole eligibility.  *See Garner v. State*, 944 So. 2d 934, 938 (¶12) (Miss. Ct. App. 2006).

---

[1] In the letter to Lackaye's father, defense counsel stated that Lackaye "may qualify for release after serving either 25% or 50%" of his sentence. . . . [He] will probably end up only serving 25%."

¶14.    The record reflects that Lackaye signed his plea petition, which confirmed:

> I understand that no one can assure me of parole or early release from prison. . . . I recognize that if I have been told by my attorney that I might receive probation or a light sentence, this representation is merely his opinion and that it is not binding on the court or district attorney.

Lackaye also confirmed during the plea hearing that he understood his possible sentence and affirmed his satisfaction with his attorney. However, the record reflects that the trial court provided no advice to Lackaye regarding parole eligibility during the plea hearing. *See Jackson*, 2014 WL 2579617, at *5. We further find that Lackaye provided sufficient evidence in support of his PCR claim that his defense counsel provided him with erroneous advice as to his parole eligibility. Accordingly, Lackaye is entitled to an evidentiary hearing to determine whether his guilty pleas were knowingly, intelligently, and voluntarily entered.

¶15.    Lackaye also contends that the his counsel's allegedly erroneous advice resulted in the deprivation of his Sixth Amendment right to effective assistance of counsel. To prove ineffective assistance of counsel, Lackaye bears the burden of proof to demonstrate: (1) his counsel's performance was deficient, and (2) this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As stated, Lackaye alleges that his attorney erroneously and incorrectly advised him that he would be eligible for parole if he entered a guilty plea. Lackaye claims that if he had been given the correct advice as to his parole eligibility, he would not have entered a guilty plea.

¶16.    To overcome the presumption that his counsel's representation falls within the range of reasonable professional assistance, Lackaye must show that but for his attorney's errors,

8

he would not have entered his guilty plea. *See Deloach v. State*, 937 So. 2d 1010, 1011 (¶5) (Miss. Ct. App. 2006). Lackaye confirmed during the plea hearing that he understood his possible sentences and affirmed his satisfaction with his attorney; however, the affidavits and alleged letter submitted by Lackaye are sufficient evidence in support of his motion to warrant an evidentiary hearing in order to explore the merits of his claim of ineffective assistance of counsel. Since Lackaye "has successfully alleged that he received ineffective assistance of counsel due to his attorney's incorrect advice about parole eligibility," he is entitled to an evidentiary hearing to explore the merits of this claim. *Thomas*, 881 So. 2d at 918 (¶16).

¶17. Lackaye also claims his attorney failed to file discovery and, as a result, he received ineffective assistance of counsel; however, the record contains a November 21, 2011 letter from the State acknowledging receipt of counsel's written request and/or motion for discovery with discovery enclosed.

¶18. After our review, we find that Lackaye has presented sufficient evidence in support of his PCR motion to warrant an evidentiary hearing to explore the merits of his claims. We therefore reverse and remand for the trial court to conduct an evidentiary hearing.

¶19. **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**