# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-01145-COA

**ROBERT EARL MANUEL A/K/A ROBERT MAUNEL**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/11/2019 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | MERRIDA COXWELL CHARLES RICHARD MULLINS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 10/20/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1.    Robert Earl Manuel pled guilty to accessory before the fact to second-degree murder and accessory before the fact to aggravated assault.  The circuit court sentenced Manuel to serve concurrent terms of twenty-five years and twenty years in the custody of the Mississippi Department of Corrections (MDOC).  Manuel subsequently filed a motion for post-conviction relief (PCR) in which he alleged that his plea was involuntary because his attorney erroneously advised him that the charges to which he pled guilty were not considered violent crimes, that he would be eligible for "good time credit," and that he would

be out of prison in "a few short years." The circuit court summarily dismissed Manuel's PCR motion without an evidentiary hearing. We conclude that Manuel presented sufficient evidence to require an evidentiary hearing. Therefore, we reverse and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2. Manuel was indicted for first-degree murder, aggravated assault, and shooting into a vehicle. Pursuant to a plea bargain, he agreed to plead guilty as an accessory before the fact to second-degree murder and accessory before the fact to aggravated assault. In exchange, the State agreed to nolle prosequi the shooting-into-a-vehicle charge and unrelated drug charges under another indictment. The State also agreed to recommend concurrent sentences of twenty-five years and twenty years. At the plea hearing, the State explained the factual basis for the charges.[1] Manuel told the judge that he did not agree with the factual basis presented by the State but would enter a "best interest" plea. *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970) (holding that a court may accept a guilty plea even if the defendant is unwilling to expressly admit guilt).

¶3. The circuit judge then questioned Manuel regarding his understanding of a "best interest" plea. The judge explained that Manuel would plead guilty as an accessory before the fact to second-degree murder and aggravated assault and that there was "no murder charge against [him]." The judge then asked Manuel to explain his understanding of a best

---

[1] Manuel and his cousin argued with Justin Shannon. Hours later, Manuel and his cousin pulled up alongside Shannon's car and opened fire on the car. They killed Shannon and gravely injured Kendrea Mitchell, a passenger in Shannon's car. Mitchell identified Manuel and his cousin as the shooters.

2

interest plea. Manuel stated that it was "[t]he best thing to get [him] back to home with [his] son." The judge asked Manuel if he was pleading guilty because he understood and agreed that there was enough evidence to convict him on the charges in the indictment and because he believed that it was in his "best interest" to "plead[] guilty to a lesser charge of accessory before the fact." Manuel answered in the affirmative.

¶4. The judge then discussed the applicable sentencing ranges and the rights that Manuel would waive by pleading guilty. The judge asked Manuel if he was satisfied with his attorney and if his attorney had advised him regarding his rights, the charges against him, and possible defenses. Manuel answered yes to all of the judge's questions and confirmed that he wanted to plead guilty because it was his "best option under the circumstances." The judge then accepted the plea and the State's sentencing recommendation. After imposing Manuel's sentence, the judge stated, "This [sentence] does allow you though to have some participation in the activities because it's not as a habitual, which could have put you in a position where you couldn't learn anything, you couldn't participate, you couldn't earn any time. You can do that."

¶5. Eleven months later, Manuel's attorney filed a "Motion to Modify Sentencing Order." The motion stated that MDOC had "interpreted" Manuel's conviction for accessory to second-degree murder "as a violent offense." The motion asserted that MDOC's interpretation was erroneous because Manuel pled guilty to "simple Accessory before the fact, which is non-violent." The motion asked the court to modify the sentencing order to clarify that Manuel pled guilty as an "Accessory before the fact." The court denied the

3

motion. The court's order stated that the statutory definition of a "violent crime" controlled and was consistent with Manuel's plea.[2]

¶6. Manuel then retained new counsel and filed a PCR motion, alleging that "his plea of guilty . . . was not knowingly and intelligently made and was the product of ineffective assistance of counsel by [his prior] attorney." The motion alleged that Manuel's original attorney, Dennis C. Sweet IV, told Manuel that the charges to which he pled guilty were not violent crimes; that he would be eligible for "good time credit"[3]; and that, as a result, he would be out of prison in "a few short years." Manuel's PCR motion relied on his own affidavit and Sweet's unsuccessful "Motion to Modify Sentencing Order."

¶7. The circuit court summarily dismissed Manuel's PCR motion. The court stated that Manuel's PCR motion "raise[d] the same argument" as his prior motion to modify his sentence and failed to state a "basis for post-conviction relief." Manuel subsequently filed a notice of appeal.[4]

## ANALYSIS

[2] The statute makes clear that murder and aggravated assault are both violent offenses. Miss. Code Ann. § 97-3-2(b)-(c) (Rev. 2014). The law also makes clear that an accessory before the fact "shall be deemed and considered a principal, and shall be . . . punished as such." Miss. Code Ann. § 97-1-3 (Rev. 2014).

[3] We understand this phrase to be a reference to earned time, Miss. Code Ann. §§ 47-5-138 & -139 (Rev. 2015); trusty earned time, *id.* § 47-5-138.1 (Rev. 2015); and/or meritorious earned time, *id.* § 47-5-142 (Rev. 2015).

[4] Manuel attempted to submit additional affidavits after the circuit court denied his PCR motion. On appeal, the State argues that we should not consider these additional affidavits. We conclude that Manuel was entitled to an evidentiary hearing even without the affidavits. Therefore, we need not address the issue.

¶8. Manuel's only argument on appeal is that the circuit court erred by dismissing his PCR motion without an evidentiary hearing. Under the Uniform Post-Conviction Collateral Relief Act, a court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]" Miss. Code Ann. § 99-39-11(2) (Rev. 2015). Thus, as our Supreme Court has held, "dismissal of a PCR motion is proper where it appears beyond a doubt that the [movant] can prove no set of facts in support of his claim which would entitle him to relief." *State v. Santiago*, 773 So. 2d 921, 924 (¶11) (Miss. 2000) (quotation marks omitted).

¶9. An evidentiary hearing is not required if the movant's claims are supported by only his own affidavit and are "contradicted by unimpeachable documents in the record." *Sylvester v. State*, 113 So. 3d 618, 621 (¶9) (Miss. Ct. App. 2013) (citing *Gable v. State*, 748 So. 2d 703, 706 (¶12) (Miss. 1999)). However, a hearing is necessary if the movant presents "sufficient evidence such that his allegations [are] not overwhelmingly belied" by the plea hearing transcript and related documents. *Id.* at 622 (¶11).

¶10. The substantive law governing Manuel's claim is also well settled. Our Supreme Court has held that a circuit judge is not required to explain the defendant's eligibility or ineligibility for parole as a prerequisite to a voluntary guilty plea. *Ware v. State*, 379 So. 2d 904, 907 (Miss. 1980); *accord Mosley v. State*, 150 So. 3d 127, 136-37 (¶29) (Miss. Ct. App. 2014). "On the other hand, 'a plea is involuntary if a defendant is affirmatively misinformed regarding the possibility of parole and pleads guilty in reliance on the misinformation.'"

*Mosley*, 150 So. 3d at 137 (¶29) (quoting *Thomas v. State*, 881 So. 2d 912, 916 (¶10) (Miss. Ct. App. 2004)).

¶11. Similarly, a circuit judge is not required to explain a defendant's eligibility or ineligibility for earned time or trusty time during the defendant's plea colloquy. However, a plea is considered involuntary if the defendant's attorney affirmatively misinformed him regarding his eligibility for earned time or trusty time, the attorney's erroneous advice was not corrected, and the defendant pled guilty in reliance on the erroneous advice. *Sylvester*, 113 So. 3d at 623-24 (¶¶19-20); *see also generally Ulmer v. State*, 292 So. 3d 611 (Miss. Ct. App. 2020).

¶12. Manuel alleges that Sweet affirmatively misinformed him that accessory before the fact to second-degree murder and accessory before the fact to aggravated assault were not crimes of violence. Sweet's advice was clearly erroneous. *See supra* n.2. Moreover, this misinformation was critically important because a prisoner convicted of a crime of violence is not eligible for parole, whereas a prisoner convicted of only nonviolent crimes is, in general, eligible for parole after he has served only twenty-five percent of his sentence. Miss. Code Ann. § 47-7-3(1)(g)(i) (Rev. 2015).

¶13. In addition, Manuel's allegations are not contradicted by the plea hearing transcript, plea petition, or any other "unimpeachable documents in the record." *Sylvester*, 113 So. 3d at 621 (¶9). During Manuel's plea hearing, there was no discussion of the fact that he was pleading guilty to a crime of violence or that he would be ineligible for parole. Nor did Manuel's plea petition set out that information. Moreover, Manuel stated that he accepted

the State's plea offer because he thought it was "[t]he best thing to get [him] back to home with [his] son." This comment certainly suggests that Manuel anticipated spending less than twenty-five years in prison. Finally, Sweet's motion to modify Manuel's sentence clearly indicates that Sweet mistakenly believed that Manuel did not plead guilty to a crime of violence. It is reasonable to infer that Sweet had imparted that mistaken belief to Manuel. Thus, Sweet's own motion corroborates the allegations in Manuel's PCR motion.

¶14. The same basic analysis applies to Manuel's claim that Sweet misinformed him regarding his eligibility for earned time and trusty time.[5] These issues were not addressed during Manuel's plea hearing. In addition, Manuel's plea petition stated only that "earned time" and "good time credits" were "governed by [MDOC]" and that he would not be eligible for "good time credits" *if* he was "not eligible for parole." Thus, nothing in the present record contradicts Manuel's allegation that Sweet also misinformed him on these subjects.

¶15. In summary, Manuel's PCR motion stated a claim upon which relief could be granted—i.e., that he pled guilty in reliance on Sweet's erroneous advice regarding his eligibility for parole, earned time, and trusty time. Furthermore, we cannot say "beyond a doubt that [Manuel] can prove no set of facts in support of his claim which would entitle him to relief." *Santiago*, 773 So. 2d at 924 (¶11). Nor are Manuel's factual allegations

---

[5] Pursuant to MDOC policy, Manuel currently is not eligible for earned time, trusty time, or meritorious earned time. *See* MDOC Inmate Handbook, ch. III, pp.6-7 (providing that inmates convicted of second-degree murder are ineligible for meritorious earned time and trusty time); *id.*, ch. V, pp.10-11 (providing that inmates convicted of second-degree murder are ineligible for earned time), *available at* https://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx (last visited Oct. 20, 2020).

"contradicted by unimpeachable documents in the record." *Sylvester*, 113 So. 3d at 621 (¶9). Therefore, the circuit court erred by summarily dismissing Manuel's PCR motion without an evidentiary hearing. We reverse and remand the case for an evidentiary hearing on Manuel's claims.

¶16. **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**